United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | CRIMINAL NO. H-21-17 |
| § | |
| TIMOTHY LEE TYLER § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)  The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  [ ]   an offense for which the maximum sentence is life imprisonment or death.

  [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

  [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(c), or comparable state or local offenses.

  [ ] (2)  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)  A period of not more than five years has elapsed since the (date of conviction)

(release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ x ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

[ x ] (1) There is probable cause to believe that the defendant has committed an offense

[ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a) ( ) 841(a)(1).

[ ]   under 18 U.S.C. § 924(c).

[ x ] under 18 U.S.C. ( x ) § 2252A (a)(2)(B); ( x ) § 2252A (b)(1); ( ) § 2256

[ x ] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:
Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C.

§ 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[x] (5)     I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Timothy Lee Tyler has been charged by Indictment in the United States District Court for the Southern District of Texas, Houston Division with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e) (Count 1), distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1) (Count 2), receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1) (Count 3) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(A)(5)(B) and 2252A(b)(2) (Count 4).

**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**

Evidence presented at the detention hearing shows that Timothy Lee Tyler ("Tyler") has been charged by Indictment with sexual exploitation of a child, distribution of child pornography, receipt of child pornography, and possession of child pornography. The grand jury has made a probable cause determination that Tyler committed the offenses described in the Indictment and testified to at the hearing. The Court finds by clear and convincing evidence, in addition to the presumption set forth in subsection (e)(3) of the Bail Reform Act, that Tyler is a danger to minors in the community and a flight risk.

For bail evaluation purposes, Tyler's charges are considered a crime of violence. This is relevant to the danger he presents to children if free on bail. Under 18 U.S.C. § 3156(a)(4), a crime of violence includes "any felony under chapter ... 110." *Id*. at (c). A violation of § 2252A falls within Chapter 110, Sexual Exploitation and Other Abuse of Children. A charged offense under Section 2252(a)(2) triggers the rebuttable presumption under Section 3142(e)(3)(E). Tyler did not rebut the presumption of pretrial detention by showing any condition or combination of conditions of release that will reasonably assure his appearance and the safety of any other person and the community.

The case agent testified that an undercover agent exchanged messages, including videos on Kick, a messaging app. The messages were exchanged in a daughter sharing chat room with "Luke Hendricks." An eleven second video that was sent by "Luke Hendricks" to the UC on September 15, 2020, depicted a minor female victim, 4-5 years old, sleeping with her buttocks slightly elevated. A hand pulls down the minor victim's Hello Kitty pajama bottoms. The minor victim's vagina and anus are exposed. Agents obtained the IP address of the Kick account and executed a search warrant at the residence. The owner of the residence, Matthew Pool stated that he lived there with his wife

and children and that other adults, including Tyler spent time at the house. Matthew Pool stated that he had bonded Tyler out of jail and that he was his custodian. Tyler stayed at the house from 10 am to 10 pm daily. Matthew Pool stated that his children had complained that Tyler took videos of them on the couch and on a red golf cart. The agent testified that "Luke Hendricks" had exchanged videos with the UC of children in a red golf cart. Matthew Pool stated that he had met Tyler and his then girlfriend and later wife, Michealine, at church. Tyler and Michealine were married from April 2016 through November 2016.

The agent testified that Matthew Pool, his wife, and Michealine were interviewed. They stated that Tyler had access to their children. They were shown the 11 second video and identified the Hello Kitty pajama bottoms as being worn by their children, and Michealine identified the Frozen blanket, a grey blanket belonging to Tyler, and stripped bedding. They recognized the hand as belonging to Tyler and the minor victim as the minor daughter of Michealine. Other files exchanged between "Luke Hendricks" and the UC were shown. They identified their respective children and neighbor's children playing on a red golf cart. They also identified Tyler's voice as that in the video. The Pool's children reported that Tyler touched their private parts and threatened to hurt their parents if they told.

The agent testified that three phones were seized. A forensic examination of an LG phone revealed that the number belonged to Tyler. The Kick application was installed on the LG phone. The communications exchanged between the UC and "Luke Hendricks" in September 2020 were found on the phone. There were also other conversations exchanged on Kick including a thirty second video of a five year old female victim being vaginally and anally penetrated by an adult male penis; a thirty-five second video of a nude seven year old female child performing oral sex on a naked adult male. According to the case agent, there were 157 images of child pornography and 38 videos on the LG phone.

Tyler has no family ties to the community. His employment is unstable. Tyler has a history of heart issues. He also has a history of mental health issues and a history of substance abuse. His criminal history includes a 2016 conviction in Harris County, Texas for felony possession of child pornography. His parole was revoked in 2019. He has been charged in the United States District Court for the Eastern District of Wisconsin with child pornography charges. He was released on bond. He has charges pending in Montgomery County, Texas for indecency with a child-sexual contact. The activities described in Counts 2-4 of the Indictment occurred while Tyler was on bond in Wisconsin. Tyler's bond conditions in Wisconsin and Montgomery County prohibited him from accessing the internet and unsupervised contact with minors. The hearing testimony shows that Tyler accessed the internet and had unsupervised contact with minors. Tyler's activities while on Federal and State bond demonstrate an unwillingness or inability to comply with standard bail conditions. Given Tyler's personal characteristics, the strength of the evidence, and the likelihood of a substantial prison sentence, the risk of flight is great. Moreover, under 18 U.S.C. 3146(g)(1), the offense charged is both a crime of violence and involves minor victims. These objective factors show the seriousness of the danger Tyler presents to the community, particularly minor children in the community.

There are no conditions or combination of conditions that would assure Timothy Lee Tyler's court appearances or the safety of the community. Therefore, detention is ORDERED. Accordingly, the Court orders that Defendant Timothy Lee Tyler is DETAINED pending further proceedings in this matter.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 29 day of January 2021.

*Frances H. Stacy*

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE